# IN RE CHRONESCA D.*
## (AC 32354)

Gruendel, Beach and Peters, Js.

Argued December 2, 2010—officially released February 8, 2011

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Gary J. Wilson*, for the appellant (respondent father).

*Colleen B. Valentine*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, former attorney general, and *Michael J. Besso*, assistant attorney general, for the appellee (petitioner).

*Sylvester L. Salcedo*, for the appellee (respondent mother).

*Juliana M. Romano*, for the minor child.

*Ellen A. Morgan*, guardian ad litem for the minor child.

*Opinion*

GRUENDEL, J. The respondent father appeals[1] from the judgment of the trial court committing his minor child to the temporary custody of the respondent's cousin, Denise R. On appeal, the respondent claims that the court improperly vested temporary custody of the child in Denise R. in light of its finding that the child was not in immediate physical danger from her surroundings. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. On April 29, 2010, the commissioner of children and families (commissioner) filed a motion for an order of temporary custody with respect to the child. The commissioner previously

---

[1] The mother of the child involved in this appeal also was a respondent in the underlying proceedings. Because she is not a party to this appeal, we refer to the respondent father as the respondent.

had filed a petition of neglect with respect to the child on March 17, 2010. The court granted the commissioner's motion for an order of temporary custody on an ex parte basis and ordered that the care and custody of the child be temporarily vested in Denise R. pursuant to General Statutes § 46b-129 (b).[2] On May 12, 2010, a contested hearing on the commissioner's motion took place during which the court received extensive evidence as to the circumstances surrounding the child's living situation and relationship with the respondent. Following this hearing, the court determined that the child was not in immediate physical danger from her surroundings and thus vacated the ex parte order of temporary custody. Nonetheless, the court designated Denise R. as the continuing temporary custodian of the child until "an appropriate court determines that she should be placed safely elsewhere." This appeal followed.

The respondent now claims that the court improperly vested temporary custody of the child in Denise R., despite vacating the ex parte order for temporary custody. Specifically, the respondent argues that, because the court explicitly determined that the child was not in immediate physical danger from her surroundings, the court thereby was precluded from ordering that the child be placed in the temporary custody of Denise R.

Connecticut law is clear that, in the context of a hearing for an order of temporary custody pursuant to § 46b-129 (b), a finding of immediate physical danger is a prerequisite to the court's entry of a temporary

---

[2] General Statutes § 46b-129 (b) provides in relevant part: "If it appears . . . that there is reasonable cause to believe that . . . [a] child . . . is in immediate physical danger from the child's . . . surroundings, and . . . that as a result of said conditions, the child's . . . safety is endangered and immediate removal from such surroundings is necessary to ensure the child's . . . safety, the court shall . . . issue an order ex parte vesting in some suitable . . . person the child's . . . temporary care and custody. . . ."

order vesting custody of a child in one other than the child's parents.[3] *In re Juvenile Appeal (83-CD)*, 189 Conn. 276, 290–91, 455 A.2d 1313 (1983). As our Supreme Court has explained, § 46b-129 (b) limits the utilization of a "temporary custody order to those situations in which the child or youth's condition or the circumstances surrounding [her] care require that [her] custody be immediately assumed to safeguard [her] welfare." Id., 288. This is because "[p]etitions for neglect and for temporary custody orders . . . are particularly vulnerable to the risk that judges . . . will be tempted, consciously or unconsciously, to compare unfavorably the material advantages of the child's natural parents with those of prospective adoptive parents [or foster parents]." (Citations omitted; internal quotation marks omitted.) Id., 292. Therefore, where there is no "substantial showing . . . made at the temporary custody hearing that . . . [a child] . . . would be in immediate physical danger if [he or she] were returned to the [respondent's] home . . . [i]t [is] error for the court to grant . . . temporary custody" in one other than the child's parents. Id., 289–90.

In the present case, not only was there no "substantial showing" of immediate physical danger, but the court explicitly determined that the child was *not* in immediate physical danger as otherwise required under § 46b-129 (b). Despite this determination, the court ordered that the child remain in the temporary custody of Denise R. until "an appropriate court determines that she should be placed safely elsewhere." Our Supreme Court's decision in *In re Juvenile Appeal (83-CD)*,

[3] We note that § 46b-129 (b) also provides for the entry of an order of temporary custody when there is reasonable cause to believe that a child is "suffering from serous physical illness or serious physical injury . . . ." For purposes of this appeal, however, we consider only "immediate physical danger" as the basis for an order of temporary custody, as this was the sole basis for the commissioner's motion pursuant to § 46b-129 (b).

supra, 189 Conn. 276, unequivocally demonstrates that this ruling was improper.

The judgment is reversed and the case is remanded with direction to set aside the order of temporary custody and for further proceedings according to law.

In this opinion the other judges concurred.

